IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. LAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  1:14cv57-WKW-TFM |
| | ) | (WO) |
| SACHEM MOUNTAIN ENTERPRISES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

The plaintiff, James E. Lampton ("Lampton" or "Plaintiff"), brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12117.  He alleges that Sachem Mountain Enterprises, LLC, ("Sachem Moutain" or "Defendant") "violated his rights under the ADA by terminating his employment (a) because of his disability, (b) as a result of failing to provide him a reasonable accommodation for his disability, and/or (c) in retaliation for his request for a reasonable accommodation for his disability."  Pl's Comp., p. 5.  The court has jurisdiction of this case pursuant to the jurisdictional grants in 42 U.S.C. § 12117 and its federal question jurisdiction.

On August 29, 2014, Sachem Mountain filed a Motion for Summary Judgment.  Doc. No. 30.  On September 2, 2014, this court ordered Plaintiff to respond to the Motion.  Doc. No. 33.  Although the plaintiff was provided notice and ample opportunity to respond, Lampton has filed nothing in response to the Motion for Summary Judgment.

Upon consideration of the Motion for Summary Judgment and Memorandum of Law, the pleadings, and evidentiary materials, the court concludes that the Motion should be GRANTED in favor of Sachem Mountain.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at

---

[1]  Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

322-324.

Once the defendant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to her case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine [dispute] for trial.").   A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motions for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing a violation of Title VII or 42 U.S.C. § 1981. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his or her case and on which the plaintiff

will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no

4

genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

### III. DISCUSSION

### A.  FACTS[2]

Lampton began work for McDonald's restaurant in Daleville, Alabama in the Summer of 2012.  Doc. No. 1, Pl's Comp., p. 2.  Sachem Mountain, the owner of the McDonald's franchise, initially hired Lampton through a Social Security Administration program which furthers employment opportunities for persons with disabilities.  *Id*.  Lampton has type 1 diabetes.  *Id.*

The general manager, Laura Hall, frequently allowed Lampton to take breaks to monitor and treat his diabetic condition.  *Id*.  On September 28, 2012, however, Ms. Hall was not at the restaurant and the Assistant Manager, Trinity Roberts, supervised the employees in her absence.  *Id*.

Approximately two hours into his shift, Lampton tested his blood sugar and determined that his glucose level was 475.  *Id*. at 3.  At the pie station, Lampton told Ms. Roberts that his blood sugar level was elevated and that he did not feel well.  *Id*.; Pl's Dep., p. 86. He requested a five-minute break to take his diabetes medication.  *Id*.  Ms. Roberts told

---

[2] On a motion for summary judgment, the court construes the facts in the light most favorable to the non-movant.

5

Lampton that it was too early to take a break.  Pl's Comp., p. 3.  Lampton explained that he needed to take his medicine and asked if he could take an early lunch.  *Id*.  Ms. Roberts, however, refused to allow him to do so.  *Id*.  Lampton advised Ms. Roberts that he "needed a reasonable accommodation."  Pl's Comp., p. 3.  Ms. Roberts asked, "What's that?" and Lampton responded that "if she did not know then she would find out."  *Id*.; Pl's Dep., p. 95. During their conversation, Lampton went into "a defensive mode" and responded to Ms. Roberts "with aggresion."  Pl's Dep., pp. 85, 95-96.  He said, "Well, if I can't take an early lunch or I can't take my medicine, I'm going to clock out."  Pl's Dep., p. 85.  Ms. Roberts responded, "[I]f you clock out, you go home and don't come back until you talk to Laura." *Id*.  He clocked out, got his insulin out of his car, and went to the restroom.  *Id*.  After taking his medication, he attempted to clock into work again.  *Id*.  Ms. Roberts told him that he was not allowed to clock into work and that he should not return until he discussed the matter with Ms. Hall.  *Id*. at pp. 85-86.

Lampton went home and called Ms. Hall.  *Id.*, at pp. 99-100.  Ms. Hall told him to get better and she would see him on Monday morning.  *Id*., at p. 100.  Later that day, however, Lampton received a text message from Ms. Hall stating, "James, I talked to Mike, and he told me to fire you."  *Id*.  On September 28, 2012, Ms. Hall gave Lampton an employee action form which reprimanded him for "abusive language/arguing/fighting," being "uncooperative," and "insubordination."  (Def's Ex. 8).  The form also stated:

> Your behavior today showed a complete disrespect for not only management and your co-workers but also for our customers.  This will not be tolerated.  As of today, you are terminated from your employment here.

*Id.*  The form was signed by both Ms. Hall and Ms. Roberts.  *Id.*

## A.    The Discrimination Claim

Lampton argues that he was discriminated against "because of his disability [and] as a result of failing to provide him a reasonable accommodation for his disability. . . ."[3]  Pl's Comp., p. 5.

In an employment discrimination case, the plaintiff bears the ultimate burden of proving intentional discrimination.  *Texas Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248,

---

[3] An employer's failure to accommodate is a separate act of discrimination under the ADA that gives rise to a separate cause of action under the ADA, with a different burden of proof and theory of liability.  *See, e.g., Lowe v. Alabama Power Co.*, 244 F.3d 1305 (11th Cir. 2001); *Willis v. Conopco, Inc.*, 108 F.3d 282 (11th Cir. 1997); *Nelson v. PMTD Restaurants*, *LLC*, No. 3:12cv369-MEF, 2013 WL 4045086, at *8 (M.D. Ala. August 8, 2013).  "The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, ..."  42 U.S.C. § 12112(b)(5)(A).  *See also Duckett v. Dunlop Tire Corp*., 120 F.3d 1222, 1224 (11th Cir. 1997).  Consequently, the ADA imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer. 42 U.S.C. § 12112(b)(5)(A).  *See also Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). It is the plaintiff's burden to identify an accommodation and demonstrate that the accommodation would permit him to perform the essential functions of his job.  *Id*. at 1255-56.  "Moreover, the burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable."  *Stewart v. Happy Herman's Cheshire Bridge, Inc*., 117 F.3d 1278, 1286 (11th Cir. 1997).  Thus, an ADA claim based on termination involves a theory of liability and elements of proof that are separate and distinct from an ADA failure-to-accommodate claim.  The Complaint does not include a separate accommodation claim and nothing in the pleadings or evidentiary materials indicates that such a claim was presented separately to the EEOC.  Therefore, the court will not consider the accommodation claim as separate from the wrongful termination claim.  *Cf. Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)(plaintiff's failure-to-accommodate claim exceeded the scope of his EEOC charge); *Berry v. Meadwestvaco Packaging Systems*, No. 3:10cv78-WHA-WC, 2011 WL 867218, at *8 (M.D. Ala. March 14, 2011)(citing *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557 (7th Cir. 2003)(holding that "reasonable accommodation is a theory of liability separate from intentional discrimination")); *Salser v. Clarke County School District*, No. 3:10cv17(CDL), 2011 WL 56065, at *4 (M.D. Ga. Jan. 5, 2011)(noting each alleged denial of a reasonable accommodation must be considered separately from a hostile work environment theory).

253 (1981).  "For claims under the ADA, we apply the familiar *McDonnell Douglas* burden shifting framework." *Bennett v. Dominguez*, 196 Fed. Appx. 785, 791 (11th Cir. 2006) (No. 06-10867).  Under the "*McDonnell Douglas* burden shifting framework," Lampton must first demonstrate a prima facie case of disability discrimination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

In order to establish a prima facie case of disability discrimination under the Americans with Disabilities Act, Lampton must show that (1) he has a disability; (2) he is otherwise qualified to perform the job; and (3) he was subjected to unlawful discrimination because of his disability.  42 U.S.C. § 12132.  *See Cleveland*, 369 F.3d at 1193.  *See also D'Angelo v. ConAgra Foods, Inc*, 422 F.2d 1220, 1226 (11th Cir. 2005); *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

Sachem Mountain does not dispute that Lampton suffers from diabetes and was otherwise qualified to perform his job.  The defendant, however, argues that Lampton has failed to demonstrate a prima facie case of discrimination, because the decision maker, Mike Sanicola, did not have actual knowledge of Lampton's condition.  The evidentiary materials provided by the defendant indicate that Mr. Sanicola is the Director of Operations for Murphy Management Corporation, a company which manages several McDonald's restaurant franchises operated by Sachem Mountain Enterprises. Def's Ex. A, Declaration of Mike Sanicola, p. 1.  In his declaration, Mr. Sanicola indicates that he also happens to suffer from diabetes, that he does not know Lampton personally, that he was unaware that

8

Lampton had diabetes, and that he advised Ms. Hall to "get [Lampton] out of the restaurant" after she informed him that Lampton was "scream[ing] and curs[ing] while standing at the customer counter." *Id.*, at pp. 1-2. It is possible that Mr. Sanicola's advice to remove Lampton from the restaurant was merely intended to quell the situation at the time and was not an instruction to terminate his employment. In fact, Mr. Sanicola states that "it is [his] understanding that Ms. Hall terminated [Lampton's] employment." *Id.*, at p. 2. Thus, it is arguable that Ms. Hall, the manager who had actual knowledge of Lampton's diabetic condition, was the decisionmaker who terminated Lampton from his position. It is likewise possible that Ms. Hall interpreted Mr. Sanicola's advice as a directive to terminate Lampton. The issue is further complicated by the fact that Lampton was hired under a program implemented by the Social Security Administration for persons with disabilities. Pl's Comp., p. 2. Thus, Sachem Mountain, at least, was aware of the plaintiff's disability.

It is unnecessary for the court to further grapple with determining whether the decisionmaker had knowledge of Lampton's diabetic condition, because the defendant is still entitled to judgment as a matter of law with respect to the discrimination claim. Under the second prong of the *McDonnell Douglas* test, the burden shifts to Sachem Mountain to present a legitimate, non-discriminatory reason for the employment action taken against Lampton. *McDonnell Douglas*, 411 U.S. at 802. In this circuit, "[t]o satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir.

9

1997).

Sachem Mountain asserts that Lampton was terminated because he acted in an insubordinate, aggressive, and uncooperative manner. "To satisfy [its] burden of production, '[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Combs*, 106 F.3d at 1528 (quoting *Burdine*, 450 U.S. at 254-55). This intermediate burden is "exceedingly light." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994). Sachem Mountain has proffered a legitimate, non-discriminatory reason for its adverse action against Lampton.

Having determined that Sachem Mountain presented evidence of a legitimate, non-discriminatory reasons for its employment action against Lampton, the court now turns to the third prong of the *McDonnell Douglas* test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Lampton must establish that the reason for the employment action was a pretext for discrimination based on his disability. Construing the evidence in the light most favorable to the plaintiff, the court concludes that Lampton has failed to present any evidence that the Sachem Mountain's reasons for the employment action was a pretext for disability discrimination.

The court is not required to agree with the employer's proffered reasons for discharge. This Circuit has consistently held that federal courts, in resolving these types of claims, do not review the accuracy of an employer's decision to terminate a plaintiff's employment. *See e.g., Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1321 n.16 (11th Cir. 1998)

10

quoting *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("Title VII is not a shield against harsh treatment at the workplace. . . The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").  Instead, the crucial question is whether the employer was motivated by an improper discriminatory bias.  *See, e.g., Standard*, 161 F.3d  at 1333 (citing *Combs*, 106 F.3d at 1538).

Lampton does not point to any evidence establishing pretext.  At best, Lampton presents nothing more than unsubstantiated allegations and conclusory statements against the defendant.  "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529  (11th Cir. 1987).  *See e.g.*, *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (conclusory allegations without specific supporting facts have no probative value).  *See also Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976) (conclusory statements, unsubstantiated by facts in the record, will normally be insufficient to defeat a motion for summary judgment.)[4]

> [B]ecause the plaintiff bears the burden of establishing pretext [for discrimination], he must present 'significant probative' evidence on the issue to avoid summary judgment. . . . Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions.

*Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996).  *See also Bennett,*

---

[4]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

196 Fed. Appx. at 792.  The plaintiff fails to meet his burden of demonstrating that the defendant's reason for its employment action is pretextual.  *See Stewart*, *supra*; *Severino v. North Fort Myers Fire Control Dist.*, 935 F.2d 1179 (11th Cir. 1991) (Employers may maintain discipline in workplace even where discipline is directed to disabled employee). Lampton fails to rebut the defendant's reason for terminating him or demonstrate that the reason is pretextual.  Thus, the court concludes that Lampton fails to demonstrate that there exists any genuine issue of material fact that he was discriminated against because of his disability.  No reasonable jury could conclude from the evidence that Lampton was recommended for termination based on his disability.  Thus, Sachem Mountain is entitled to summary judgment on the plaintiff's discrimination claims.

### C. Retaliation Claim

Lampton alleges that Sachem Mountain retaliated against him because he requested a reasonable accommodation to check his blood sugar.  The ADA provides, in pertinent part, that "[n]o person shall discriminate against any individual because such person has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]."  42 U.S.C. § 12203(a).

> To make a prima facie case for retaliation, the plaintiff must show: 1) a statutorily protected expression; 2) an adverse employment action; 3) a causal link between the protected expression and the adverse action. *See Olmsted v. Taco Bell Corp.,* 141 F.3d 1457, 1460 (11th Cir. 1998); *Raney v. Vinson Guard Service,* 120 F.3d 1192, 1196 (11th Cir.1997).  Once the plaintiff makes out a prima facie case, "the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action." *Raney,* 120 F.3d at 1196 (quoting *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 919 (11th Cir. 1993)). If the defendant offers

> legitimate reasons, the presumption of retaliation disappears. *Id.* The plaintiff
> must then show that the employer's proffered reasons for taking the adverse
> action were actually a pretext for prohibited retaliatory conduct. *Olmsted,* 141
> F.3d at 1460.

*Sullivan v. National R.R. Passenger Corp*., 170 F.3d 1056, 1059 (11th Cir. 1999) (footnote

omitted).

Sachem Mountain does not dispute that Lampton requested a break to treat his

diabetic condition and was subsequently terminated from his employment.  The defendant,

however, argues that Lampton cannot demonstrate a causal link between the adverse action

and his protected expression.

Even assuming *arguendo* Lampton demonstrates a prima facie case of retaliation, the

court concludes that he fails to demonstrate that the defendant's legitimate reason for

terminating his employment is not pretextual.  As previously discussed, Sachem Mountain

asserts that Lampton was terminated because of his aggressive and insubordinate behavior

at the pie station.

To survive the defendant's Motion for Summary Judgment, Lampton must present

evidence creating a genuine issue of material fact, and he cannot rely on conclusory

evidence.  *See e.g.*, *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.,* 97 F.3d 436, 443-44

(11th Cir. 1996) (holding that "conclusory allegations of discrimination, without more, are

not sufficient to raise an inference of pretext . . . where [an employer] has offered . . .

extensiveevidence of legitimate, non-discriminatory reasons for its actions.").  Lampton has

come forward with no evidence to suggest that the defendant's reason for terminating his

employment is a pretext for retaliation.  His own unsubstantiated opinion that the decision to terminate him was somehow motivated by his request for an accommodation is not a suitable proxy for evidence.  He presents no facts from which the court could conclude that his termination was due to retaliation nor does he point to any evidence to substantiate his allegations.  The onus is on the party opposing the motion for summary judgment to submit affirmative evidence demonstrating a genuine issue of material fact on an essential element of his claim.  *Celotex,* 477 U.S. at 322.  To defeat the Motion for Summary Judgment, Lampton must present evidence creating a genuine issue of material fact.  Accordingly, the court concludes that Lampton has failed to meet his burden of establishing that the defendant's reason for terminating his employment is pretext for retaliation.  Sachem Mountain is entitled to summary judgment on the plaintiff's retaliation claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.      The Motion for Summary Judgment filed by Sachem Mountain be GRANTED.  Doc. No. 30.

2.      The plaintiff's claims be DISMISSED with prejudice.

3.      That costs of this proceeding be and are hereby taxed against the plaintiff.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 5, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of November, 2014.


        /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

15